IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PAULE KENNEDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. HAYES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-01946 JLT (PC)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

　　　　Stephen Paule Kennedy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 5, 2009, Plaintiff filed his complaint, asserting claims against P. Hayes, Ken Clark, Dr. O. Beregovskaya, D. James, California Department of Corrections and Rehabilitation Director, Doe 1 (A-Yard medical supervisor), Doe 2 (direct supervisor of P. Hayes), and Does 3-6 (various staff). (Doc. 1)

　　　　The Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim. (Doc. 10). On December 28, 2010, Plaintiff was ordered to file an amended complaint addressing the deficiencies identified by the Court within 20 days of service. *Id.* at 19. In addition, Plaintiff was notified that failure to comply with the order could lead to dismissal of the action. *Id.* However, Plaintiff has failed to file an amended complaint in this action.

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within 21 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order.

IT IS SO ORDERED.

Dated:  **January 25, 2011**                                    /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE