IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PAULE KENNEDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. HAYES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-01946 JLT (PC)<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

　　　　Stephen Paule Kennedy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 5, 2009, Plaintiff filed his complaint, asserting claims against P. Hayes, Ken Clark, Dr. O. Beregovskaya, D. James, California Department of Corrections and Rehabilitation Director, Doe 1 (A-Yard medical supervisor), Doe 2 (direct supervisor of P. Hayes), and Does 3-6 (various staff). (Doc. 1).  Plaintiff consented to the jurisdiction of a magistrate judge on December 7, 2009. (Doc. 7).

　　　　The Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim against the defendants. (Doc. 10).  On December 28, 2010, Plaintiff was ordered to file an amended complaint addressing the deficiencies identified by the Court within twenty days of service. *Id.* at 19.  In addition, Plaintiff was notified that failure to comply with the order could lead to dismissal of the action.  *Id.*  However, Plaintiff failed to file an amended complaint in this action.

On January 25, 2011, the Court issued an order to show cause why the matter should not be dismissed for failure to prosecute or to obey the Court's order to file an amended complaint. (Doc. 11). Plaintiff was to respond to the order within twenty-one days, or by February 15, 2011. *Id.* at 2. To date, Plaintiff has not complied with or otherwise responded to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Notably, the Court found Plaintiff failed to state a claim in his complaint. Finally, the Court's warning to Plaintiff that failure to obey the order would result in

1  dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at
2  1262; *Henderson*, 779 F.2d at 1424.  In the order dismissing Plaintiff's complaint with leave to
3  amend, the Court warned: "<u>If Plaintiff fails to comply with this order, the action will be dismissed</u>
4  <u>for failure to obey a court order.</u>" (Doc 10 at 19) (emphasis in original).  Thus, Plaintiff had adequate
5  warning that dismissal would result from his noncompliance with the Court's order.
6           Accordingly, **IT IS HEREBY ORDERED**:
7       1.      This action is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute
8               and failure to obey the Court's orders of December 28, 2010, and January 25, 2011;
9               and
10      2.      The Clerk of Court **IS DIRECTED** to close this action because this order terminates
11              the action in its entirety.
12  IT IS SO ORDERED.
13  Dated:   **February 23, 2011**                         **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE